UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEJA M. NUNN,

       Petitioner,

v.

UNITED STATES OF AMERICA,

       Respondent.

Case No. 16-CV-988-JPS
Criminal Case No. 15-CR-51-JPS-3

ORDER

  On July 27, 2016, Petitioner Deja M. Nunn ("Nunn") filed a motion pursuant to 28 U.S.C. § 2255, asserting that her conviction and sentence were imposed in violation of the Constitution. (Docket #1). The case was stayed pending resolution of several relevant appeals in the Seventh Circuit. (Docket #4). Those appeals have been resolved, so the Court will lift the stay and proceed to screening Nunn's motion under Rule 4 of the Rules Governing Section 2255 Proceedings, which requires the Court to promptly examine Nunn's motion and dismiss it "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that [Nunn] is not entitled to relief."

  On January 7, 2016, Nunn was convicted of two counts of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 2, and one count of brandishing of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. In the presentence investigation report and addenda thereto, the Probation Office found that under the U.S. Sentencing Guidelines, Nunn had a total offense level of 26 and a criminal history

category of I. Nunn was sentenced to 15 months of imprisonment as to the robbery counts and received the mandatory minimum sentence of 84 months as to the firearm offense. These terms were ordered to run consecutively, as required by statute, for a total term of imprisonment of 99 months.

In the instant motion, Nunn appears to raise two claims. First, she asserts that she should not have been subject to a sentencing enhancement either under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), or the Guidelines' career-offender provisions, in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* (Docket #1 at 1–3, 7). This argument fails straight out of the gate, however, because Nunn was not subject to any sentencing enhancement pursuant to the ACCA. Instead, she was sentenced under Section 924(c)(1)(A)(ii), a provision not addressed in *Johnson*. As a result, the rule in *Johnson* has no bearing on her sentence. Nor did the career-offender provisions of the Guidelines come into play in her case, as the presentence report makes clear. Thus, this claim must fail.

Second, though she does not make this clear in her motion, Nunn may be claiming that Hobbs Act robbery is not a "crime of violence" as defined in 18 U.S.C. § 924(c). *See* (Docket #1 at 2–4). If true, this would mean that her Hobbs Act robberies could not serve as a predicate for her offense under 18 U.S.C. § 924(c)(1)(A)(ii), which requires that a firearm be used during a crime of violence. However, this argument is without merit, since the Seventh Circuit expressly found in *United States v. Anglin*, 846 F.3d 954, 964–65 (7th Cir. 2017), that Hobbs Act robbery qualifies as a "crime of violence" under

Section 924(c) despite the holding in *Johnson*.[1] Accordingly, Nunn advances no colorable claim for habeas relief, and her motion must be denied.

Finally, under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Nunn must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states a valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In light of the indisputably mistaken factual premises of Nunn's claim, the Court cannot fairly conclude that reasonable jurists would debate whether her motion should be decided differently; as a consequence, the Court must deny her a certificate of appealability.

The Court closes with some information about the actions that Nunn may take if she wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal

---

[1] Similarly, to the extent Nunn believes that *Johnson* supports a due-process challenge to the advisory Guidelines under which she was sentenced, the Supreme Court recently foreclosed that argument in *Beckles v. United States*, 137 S. Ct. 886, 895 (2017).

this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See id.* 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *Id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that the stay in this matter be and the same is hereby **LIFTED**;

**IT IS FURTHER ORDERED** that Petitioner's motion to vacate, set aside, or correct her sentence pursuant to Section 2255 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 26th day of April, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge